## Stratton, et al. v. Deck Syck and Pheby Syck.

(Decided September 27, 1917.)

Appeal from Pike Circuit Court.

Quieting Title—Evidence—Finding.—Where in an action to quiet title, the case turns on the true location of a dividing line and the only evidence of any value on the question tends to support the contention of the plaintiffs, the petition should not be dismissed, but the chancellor should render judgment in favor of the plaintiffs.

W. K. STEELE and J. S. CLINE for appellants.

HUGHES & BARRETT and STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiffs, Emma Stratton and others, brought this suit against defendants, Deck Syck and Pheby Syck, to recover damages for trespass on, and to quiet their title to, a tract of land lying in Pike county. From a judgment dismissing their petition, plaintiffs appeal.

On December 11, 1869, Alexander W. Stratton, father of plaintiffs, purchased of Hiram Stratton a tract of land lying on Joe's Creek. In the year 1879, he purchased of the heirs of William Pinson, that portion of the William Pinson survey, extending over the dividing ridge and lying on the waters of Joe's Creek. In the year 1887, Alexander W. Stratton sold and conveyed to his brother, H. J. Stratton, a part of the old farm

which he had purchased of Hiram Stratton in 1869. The tract so conveyed extended to the line of the William Pinson survey, and "thence with the William Pinson survey to a planted stone." H. J. Stratton and his wife, having died, the land was conveyed by their children to one G. S. Gross. By the same description, on March 28, 1914, Gross conveyed to the defendants, Deck Syck and Pheby Syck, by deed containing the same description.

The plaintiffs alleged that they were the owners and were in the possession of the Pinson survey, which they accurately described by metes and bounds, and that the defendants had entered thereon and had cut and removed 98 standing trees of the value of one hundred ninety-six dollars ($196.00) and had otherwise damaged the land in the sum of one hundred fifty dollars ($150.00). The defendants, by answer and counter-claim, denied plaintiffs' title and asserted that when Alexander W. Stratton conveyed to H. J. Stratton, the parties agreed on the line where the Pinson survey ran, and so designated it on the ground by plainly marked trees and stones; that Alexander W. Stratton placed his grantee in possession up to said line, which was thereafter recognized by and acquiesced in by the parties as the true dividing line; that plaintiffs were estopped from claiming title to any part of said land inside of the deeded marked boundary. Defendants further pleaded that they and those through whom they claim title, had been in the adverse possession of said marked boundary for more than 15 years last past.

The evidence for plaintiffs shows that the Pinson survey, when properly located, covers the land from which the trees in question were cut. The evidence for the defendants utterly fails to show that Alexander W. Stratton, and his grantee, Hiram Stratton, agreed on a marked dividing line between the old Stratton farm and the Pinson survey. Nor did the defendants show that they and those through whom they claim title, had held actual, continuous and adverse possession of the land in controversy, up to any well-marked boundary. On the contrary, it is clear from the evidence for defendants, and particularly that of their predecessor in title, G. S. Gross, that those through whom the defendants claim title, merely claimed up to the line of the Pinson survey, wherever that line might be. Under these circumstances, no question of estoppel or adverse possession is presented, and the case turns on the proper location of the

true dividing line between the old Stratton farm and the William Pinson survey. On this question, the only evidence of any value is that given by the surveyor, who testified for the plaintiffs. It follows, that instead of dismissing plaintiffs' petition, the chancellor should have quieted their title to the tract of land described in the petition, and have rendered judgment in their favor for the value of the trees cut and removed by the defendants.

Judgment reversed and cause remanded, with direction to enter judgment in conformity with this opinion.